# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS MARK HARRIS,** | ) | |
| Petitioner, | ) | Civil Action No. 2:15-cv-00192 |
| | ) | |
| v. | ) | United States District Judge |
| | ) | David S. Cercone |
| | ) | |
| | ) | United States Magistrate Judge |
| **WARDEN OF SCI-DALLAS, et al.,** | ) | Cynthia Reed Eddy |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

Petitioner, Thomas Mark Harris ("Harris"), is a state prisoner. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears that Harris is not entitled to habeas relief. That is the case here because his petition is second or successive and he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

**A.     Relevant Background**

On July 19, 1991, following a jury trial in the Court of Common Pleas of Allegheny County, Harris was found guilty of one count each of murder in the second degree and robbery. Harris was

1

sentenced to life imprisonment on the homicide conviction and a concurrent term of imprisonment of from ten (10) to twenty (20) years on the robbery conviction.

On January 15, 1993, the Superior Court affirmed both convictions and the sentence entered on the felony-murder conviction. The Superior Court further vacated the sentence entered on the robbery conviction[1] and remanded the action for an evidentiary hearing on the ineffective assistance of counsel claims. Thereafter, Harris filed in state court an unsuccessful motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*

On January 20, 2003, Harris filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he argued that because his robbery conviction was vacated, his homicide conviction should be lessened from second degree, which imposes a life sentence, to third degree, for which a lesser sentence could be imposed. That petition was docketed as Harris v. Lavan, et al., 2: 03-cv-00283 (W.D. Pa.) and assigned to the Honorable David S. Cercone, who referred the case to Magistrate Judge Amy Reynolds Hay. On May 13, 2004, the Magistrate Judge subsequently issued a Report and Recommendation ("R&R") advising that the petition be denied and that a certificate of appealability be denied. (ECF No. 10). On April 21, 2005, Judge Cercone adopted the R&R as the Opinion of the Court, denied the petition, and denied a certificate of appealability. (ECF No. 20). On September 16, 2005, the United States Court of Appeals denied Petitioner's request for a certificate of appealability. (ECF No. 22).

On or around February 12, 2015, Harris filed the instant habeas petition. He again challenges his 1991 judgment of sentence at his homicide conviction and asks that the Court grant the following relief: "That this matter be remanded back to the lower court, and petitioner be granted the proper sentence in

---

[1] The Superior Court found that the crime of robbery is a lesser included offense of felony-murder, and, therefore, the concurrent sentence imposed by the trial court for robbery was improper.

2

accordance with his conviction, and his release ordered." (ECF No. 3, at p. 15.) This is at least the second time he has attempted to challenge his 1991 judgment of sentence by way of a federal habeas petition.

### B.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Harris has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

### C.   Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial

3

showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Harris is allowed fourteen (14) days from the date of service to file objections to the Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>s/ Cynthia Reed Eddy</u><br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

Dated: March 16, 2015

cc: THOMAS MARK HARRIS
    BN9618
    1000 Follies Rd.
    Dallas, PA 18612